# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2915

_____

| | | |
|---|---|---|
| Kevin King, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| City of Independence, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: February 17, 2006
Filed: May 15, 2006

_____

Before WOLLMAN, ARNOLD, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Kevin King sued the City of Independence, Missouri (City), under 42 U.S.C. § 1983, alleging a violation of his civil rights. The district court[1] granted the City's motion for summary judgment, and we affirm.

King volunteered as a coach with the Heart of America Pop Warner Football League (Pop Warner), a not-for-profit corporation that operated a youth football program. Terry Bowen and Richard Grove were on Pop Warner's board of directors,

---

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

with Grove acting as the organization's liaison with the City. Because the organization used the City's facilities, the City required that King pass a background check before volunteering. The results of the background check were to be kept confidential. The results of the background check indicated that King had been involved in the sexual maltreatment of a child. The City sent a copy of the report to Groves, who notified King that he was disqualified from coaching. King alleges that his disqualification was aired at a public meeting and that members of Pop Warner's board of directors informed parents that King was disqualified from coaching because of his criminal record. King sued the City for violating his civil rights and sued Pop Warner, Grove, and Bowen for defamation.

King entered into a settlement agreement with Pop Warner, Grove, and Bowen and, in exchange for an undisclosed amount, signed a release that provided:

> [King] . . . does by these presents release, acquit, and discharge Terry Bowen, Richard Grove and Pop Warner and their respective agents, servants, employees, heirs, executors, administrators, representatives, insurance carriers, successors, assigns, subsidiaries, and all other related persons, firms, corporations, entities and all other parties from any and all liability, claims, causes of action, suits . . . damages . . . attorneys' fees . . . or demands of any kind whatsoever, in law or in equity, . . . which Kevin King . . . ever had, may have had or may in the future have, known or unknown, foreseen or unforeseen, based on, arising out of, related to, or connected in any way with Kevin King's relationship with Pop Warner as a volunteer football coach, including but not limited to, all claims asserted by Kevin King or that could have been asserted against Terry Bowen, Richard Grove and Pop Warner in the case of *Kevin King v. City of Independence, Missouri, et al* . . . .

J.A. at 132. The settlement agreement also stated that King was represented by counsel, that he was voluntarily entering into the agreement, and that he was fully advised that the execution of the agreement prevented any future claims related to King's relationship with Pop Warner as a volunteer football coach. J.A. at 134. The

settling parties then filed a stipulation of dismissal with the district court, which stated that the stipulation did not affect, nor was intended to affect, King's claims against the City. Thereafter, the City moved for summary judgment on King's civil rights claim. Applying Missouri law, the district court concluded that the settlement agreement was a general release that released all of King's claims, including those asserted against the City.

We review *de novo* the district court's grant of summary judgment. Thomas v. Union Pac. R.R. Co., 308 F.3d 891, 893 (8th Cir. 2002). Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Id.

King argues that the district court erred in applying Missouri law and that it should have instead applied the standard articulated in W.B. v. Matula, in which the Third Circuit examined the totality of the circumstances surrounding the execution of a settlement agreement to determine whether its execution was knowing and voluntary. 67 F.3d 484, 497 (3d Cir. 1995). King also argues that, even if it was proper for the district court to apply Missouri law, the district court erred in granting the City's motion for summary judgment. We conclude that under either standard, summary judgment was appropriate.

Missouri law provides that we are to examine the language of a release in determining whether it operates to release claims against a non-settling tortfeasor. Lunceford v. Houghtlin, 170 S.W.3d 453, 460 (Mo. Ct. App. 2005). When the language used in the release is unambiguous, we determine the parties' intent based only on the release's language, not parol or extrinsic evidence. Anderson v. Curators of Univ. of Mo., 103 S.W.3d 394, 399 (Mo. Ct. App. 2003). If a release states that it releases all claims against any and all persons, or uses similar language, it may operate

as a general release, extinguishing claims against all tortfeasors, even those not party to the release. See Lunceford, 170 S.W.3d at 460; Anderson, 103 S.W.3d at 398-99.

King's settlement agreement specifically provided for the release of all persons related to Bowen, Grove, and Pop Warner, as well as the release of all other parties from any and all liability related to King's relationship with Pop Warner as a volunteer football coach. The unambiguous language of this document serves as a general release and releases the City from all of King's claims.

King argues that because the language in the stipulation of dismissal provided that the stipulation did not in any way affect King's claims against the City, he did not release the City from his civil rights claim. As we read the record, however, King did not clearly present this argument to the district court, and thus he did not preserve it for appeal. See United States v. One Parcel of Prop. Located at RR 2, 959 F.2d 101, 103 (8th Cir. 1992) (citing In re Pan Am. World Airways, Inc., 905 F.2d 1457, 1462 (11th Cir. 1990)). In any event, the stipulation constitutes parol evidence that we cannot consider in determining the meaning of the settlement agreement. Further, even if we apply the knowing and voluntary standard that King contends is applicable, we conclude that summary judgment was appropriate because, as recounted above, the agreement specifically stated that King was represented by counsel, that he entered into the agreement voluntarily, and that he was fully advised that executing the agreement would prevent him from bringing related claims against all other persons.

The judgment is affirmed.

_____